IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MAURICE BLUITT, | § | |
|               Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:06-CV-166-Y |
| NATHANIEL QUARTERMAN, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|               Respondent | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Maurice Bluitt, TDCJ-ID #00932824, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

---

[1] Effective June 1, 2006, Douglas Dretke was replaced by Nathaniel Quarterman as Director of the Texas Department of Justice, Correctional Institutions Division. Accordingly, Nathaniel Quarterman should be automatically substituted as Respondent. *See* FED. R. CIV. P. 25(d)(1). The clerk of Court is directed to docket and change the designation of the Respondent.

Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

Bluitt was charged by indictment in cause no. 0733927D in the 372nd District Court of Tarrant Count, Texas, with indecency with a child by contact. (State Habeas R. at 36.) On June 22, 2000, a jury found Bluitt guilty as charged and assessed his punishment at twenty years' confinement and a $5000 fine. (*Id.* at 37.)

## D. ISSUES

Bluitt raises three grounds for relief. He claims (1) he was denied due process because the jury did not receive a reasonable doubt instruction at the punishment phase regarding extraneous offenses, (2) he was denied effective assistance of counsel, and (3) his attorney and the prosecutor engaged in misconduct. (Petition at 7 & Amendment to Writ.)

## E. RULE 5 STATEMENT

Quarterman asserts that Bluitt has sufficiently exhausted his state remedies on the claims presented, except for one of his ineffective assistance claims, which Quarterman argues is unexhausted and procedurally barred because Bluitt did not raise the claim in his petition for discretionary review or his state habeas application. (Resp't Answer at 5-7.)

Under the federal exhaustion requirement, a habeas petitioner must have fairly presented the substance of his federal claim to the highest court of the state. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting the substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant

to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).

In his petition and amendment to writ of habeas corpus, Bluitt claims trial counsel was ineffective (1) by failing to request a continuance and leading him to believe that, because he and the prosecutor attended the same college, they needed to go to trial at that time and (2) by failing to subpoena and/or call certain witnesses at the punishment phase of his trial. (Pet. at 7; Pet'r Memorandum in Support at 3, 5-6.) Bluitt did not raise his second claim in either his petition for discretionary review or his state habeas application; thus, the claim is unexhausted. Under the Texas abuse-of-the-writ doctrine, however, Bluitt cannot now return to state court for purposes of exhausting the claim. *See id.* art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, the claim is procedurally barred from this court's review. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000).

## F. DISCUSSION

### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is

contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08. Further, the statute requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.  Reasonable Doubt Jury Instruction

Bluitt claims he was denied due process because the jury did not receive a reasonable doubt instruction during the punishment phase that it could consider evidence of extraneous offenses only if it believed beyond a reasonable doubt that Bluitt committed those offenses as required by article 37.07, § 3(a)(1) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. 37.07, § 3(a)(1) (Vernon Supp. 2006).

The Texas Court of Criminal Appeals considered Bluitt's claim on direct review and determined that the reasonable-doubt-instruction requirement did not apply to a defendant's criminal record, but rather to extraneous, unadjudicated offenses. *Bluitt*, 137 S.W.3d at 54. The court concluded that, in Bluitt's case, there was no error in not charging the jury concerning extraneous offenses because all the evidence as to Bluitt's criminal behavior was in the form of prior offenses which had already been subjected to judicial testing under the proper burden and the burden had

4

been met. *Id.* Thus, the court reasoned that giving such an instruction would be a useless act if no unadjudicated offenses were introduced. *Id.*

Only violations of federal law-not violations of state law-constitute grounds for relief in a § 2254 petition. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Absent a federal issue, a federal court on habeas review will defer to the state courts on matters of state statutory interpretation. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). Bluitt argues that a protected liberty interest is created by § 37.07, § 3(a) in a reasonable-doubt instruction concerning extraneous offenses, however, he cites to no authority in support of his argument, and none is found.

### 3. Ineffective Assistance of Counsel

Bluitt claims he received ineffective assistance of trial counsel because, although not ready for trial, counsel refused to request a continuance and, instead, led him to believe that, because he and the prosecutor attended the same college, they needed to go to trial at that time. (Petition at 7; Pet'r Memorandum in Support at 3, 5-6.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697.

In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668,

688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where, as here, a petitioner's ineffective assistance claims have been reviewed on their merits and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of the standard set forth in *Strickland*. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Santellan v. Dretke*, 271 F.3d 190, 198 (5th Cir. 2001).

The same judge who presided over Bluitt's trial conducted the state habeas proceedings and entered findings refuting Bluitt's claim of ineffective assistance. (State Habeas R. at 29-31.) In his pleadings, Bluitt makes no reference to the state court's findings and makes no effort to rebut the presumptive correctness of the findings. *See* 28 U.S.C. § 2254(d)(1); *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain* 298 F.3d 375, 379-82 (5th Cir. 2002). Nor does an independent review of the state court records reveal clear and convincing evidence that would rebut the presumption of correctness. Without substantiation in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Deferring to the state court's findings, the state courts' application of *Strickland*'s attorney-performance standard was reasonable.

### 4. Misconduct

Bluitt claims his counsel and the prosecutor engaged in attorney misconduct in the courtroom, while his mother sat in the front row, by telling jokes about their genitals and oral sex. (Petition at 7.) The state courts rejected this claim because Bluitt presented no evidence that his attorney's relationship with the prosecutor or his attorney's actions in the courtroom, outside the presence of the jury, prejudiced him or affected his conviction or punishment. (State Habeas R. at

6

30.) The state courts further determined that the claim does not rise to the level of a constitutional, jurisdictional or fundamental violation of Bluitt's rights. (State Habeas R. at 18.) Bluitt has failed to demonstrate that the state courts' decision is contrary to, or involves an unreasonable application of, clearly established federal law.

## II.  RECOMMENDATION

Bluitt's petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 13, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 13, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 22, 2006.

        /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE